```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TEXAS
                SAN ANTONIO DIVISION
```

**UNITED STATES OF AMERICA,**          Criminal No.

                                        SA-08-CR-00301-XR

**STEVEN LYNN MOUTON,**

<u>**DEFENDANT STEVEN LYNN MOUTON'S
CORRECTED/SIGNED PROPOSED QUESTIONS FOR THE
COURT'S GENERAL VOIR DIRE OF THE JURY**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

The Defendant, STEVEN LYNN MOUTON , by and through his Attorney of Record, KARL A. BASILE, requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the court include the attached questions in its general voir dire of the jurors prior to the requested attorney conducted voir dire in order that the defense may effectively exercise its challenges for cause and its peremptory challenges.

1

**INDEX**

I.      PERSONAL BACKGROUND -- Questions 1-9

          A) Family status

          B) Residence

          C) Occupation

          D) Education

          E) Military service

          F) Familiarity with parties, authorities, witnesses

II.     PRIOR JURY SERVICE -- Questions 10-15

III.    EXPERIENCE WITH JUSTICE SYSTEM -- Questions 16-17

IV.     VICTIM OF CRIME -- Question 18

V.      CASE ON TRIAL -- Questions 19-20

VI.     LEGAL PRINCIPLES -- Questions 21-37

## QUESTIONS

1. Each of you should state:

    a) your name;

    b) where you live;

    c) how long you have lived at this address;

    d) your marital status (whether married, single, widowed or divorced);

    e) the number and ages of your children, if any;

    f)(1) your occupation, its length, or previous employment;

    f)(2) your spouse's occupation, its length, or previous employment;

    g) the name of your present employer, if any;

    h) whether you have the authority to promote, hire or fire people;

    i) how many people you supervise;

    j) how far you went in school;

    k) what degree(s) you acquired.

2. Have you ever served in the United States military?  If so:

    a) what branch?

    b) when?

    c) rank?

    d) where?

3. Do you, or do any members of your family or friends know the Honorable Xavier Rodriguez, the Presiding District Judge in this case or anyone that works with him?

4. Do you, or do any members of your family or friends know the Assistant United States Attorney, Ms. Tracy Braun, who will be prosecuting this case or any other Assistant United States Attorney?

5. Do you, or do any members of your family or friends know the defense attorney, Karl A. Basile?

6. Do you know or recognize any other prospective jury panelist in the courtroom this morning?  If so, what is the basis of the relationship?  Would such relationship or acquaintance influence your judgment in this case?

7. Do you have any relatives or friends who are connected with:

   a) law enforcement;

   b) a district attorney's office;

   c) the United States Attorney's Office;

   d) any law enforcement or other quasi-law enforcement agency?

   If you have any such relatives or friends connected with law enforcement, have you ever discussed the guilt or innocence of people charged with violating the law?

8. Have you ever been a police officer or military police officer or worked in a security field either for the state or national government or for private industry?

9. Do you or do any members of your family know any of the persons who are employed by the government who worked on this case and who may testify in court, and any other witnesses who may testify for the prosecution?  (Request prosecutor to read list of agents and proposed witnesses).  United States v. Baldwin, 607 F.2d 1295 (9th Cir. 1979).

5

10. Have any of you ever sat as a juror in a civil case?  If so:

    a) when?

    b) where?

    c) how often?

11. Have any of you ever sat as a juror in a criminal case? If so:

    a) when?

    b) where?

    c) how often?

    d) did you reach a verdict?

    e) what was the verdict?

12. Have any of you ever served on a jury in a sexual offense/child pornography case?  If so:

    a) when?

    b) where?

    c) what was the verdict?

13. Is there anything about the nature of a sexual offense/child pornography charge that would make it difficult for you to be a fair and impartial judge of the facts in this case?

14. Have you ever served on such a case in which there was an acquittal? If so, did the judge comment on the verdict after it was brought in by the jury? If so, what was said by the judge, and who was the judge involved?

15. Have any of you ever served on a federal or state grand jury? If so:

    a) when?

    b) where?

    c) how often?

16. Have any of you, any members of your immediate family, or friends been a party in a civil action? If so, please explain.

17. Have any of you, any members of your family, or close personal friends ever testified in a civil or criminal trial or before a grand jury? If so, please explain.

18. Have you or any members of your immediate family, or friends been charged with committing a crime? If so, please state:

    a) who?

    b) the relationship to you?

    c) would that fact affect your judgment in this case?

7

19. What feelings do you have about possession of child pornography? Would these feelings affect your judgment in this case? If so How?

20. Do you agree with the fact that an indictment is merely a device for bringing charges against a person and to allow the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not proof and that no unfavorable inference may be drawn against a person merely because he/she is charged with a crime?

21. Do you agree with our basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt? Would you have any difficulty applying this presumption in this case knowing the offense that Mr. Mouton is alleged to have committed?

22. Do you realize that the burden of proof is greater for a criminal case than for any other legal matter? The proof to establish the guilt of any person in a criminal case must be beyond a reasonable doubt, while in other matters it increases as follows in order to reach the burden of proof in a criminal case.

        a) Probable Cause to bring criminal charges,

        b) Preponderance of the Evidence for civil cases ie: contracts and personal injury where damages are awarded,

        c) Clear and convincing where a person's parental rights to their children are to be terminated,

        d) Beyond a Reasonable Doubt to find a person guilty of a criminal offense.

23. Do you understand that the burden of proof beyond a reasonable doubt rests with the prosecution? Will you require the prosecution to prove each and every element of an offense beyond a reasonable doubt for each and every charge or count of the indictment?

24. If the prosecution failed in its burden of proof with providing evidence that amounts to proof beyond a reasonable doubt, would you have difficulty finding a person not guilty?

25. Do you realize that you must give the defendant the benefit of the presumption of innocence without any mental reservations whatsoever and that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt?

26. Knowing now that the burden of proof is for the prosecution to establish, would you require Steven Lynn Mouton at any time to satisfy you as to his innocence?

27. Do you understand and accept the principle that a defendant in a criminal case is not required to
explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution?

28. If Steven Lynn Mouton chose to exercise his constitutional right not to testify, would you consider this to be any indication whatsoever of guilt?

29. If, after you hear the evidence, you thought that Steven Lynn Mouton was probably guilty, but you were not convinced and you thought the evidence showed he was probably guilty--would you nevertheless be able to find him not guilty in this case?

30. Do you realize that you are the sole and exclusive judge of the facts and that you are to judge this case solely on the evidence before you and not allow the fear of later criticism affect your verdict?

31. Would any of you change your verdict if a majority of the other jurors believed that a person was guilty and you did not?

32. Would the fact that you were in the minority influence your vote at all?

33. Have any of you at this time formed any opinion about the guilt or innocence of Steven Lynn Mouton that would require evidence to remove such opinion?

34. Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case?  If there is, it is now your duty to disclose this.

35. In deciding whether or not you are going to credit the testimony of a witness, would you consider the witness' conduct on the witness stand, your ability and opportunity to observe, any bias or prejudice, and the probability or improbability of the testimony?

36. Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because they are employees of, or are testifying on behalf of the government?  Would you give their testimony greater weight or credibility over that of Steven Lynn Mouton or witnesses on his behalf?

37.   Do we have your assurance that you will not allow your personal feelings about attorneys affect your judgment about the innocence or guilt of Steven Lynn Mouton?

38.   You have all been exposed by the media to the concerns of sexual offenses/sexual predators and child pornography in this country, and how this activities affects our society. With this in mind:

> a) What media exposure have you experienced in this situation?
>
> b) What is your reaction just to the reading of the indictment?
>
> c) What is your reaction to the type of charge/offense involved?
>
> d) knowing the charges against Mr. Mouton do you think you can be fair and impartial and render a verdict just based upon the evidence admitted into the trial and not allow your personal feelings influence your decision.  If you are not  please let us know.

**Respectfully submitted,**

\s\ Karl A. Basile
KARL A. BASILE
8207 Callaghan Road
Greatview Bldg, suite 100
San Antonio, Texas 78230
(210) 525-8030
(210) 308-9854  FAX
Tx. St. Bar # 01869700
Attorney for the Defendant
Steven Lynn Mouton

**CERTIFICATE OF SERVICE**

This is to certify that a full, true and correct copy of the above and foregoing Defendant's Corrected/Signed Proposed Questions for the Court's General Voir Dire of the Jury was delivered to Ms. Tracy Braun, Assistant United States Attorney, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216 by the CM/ECF of the Western District of Texas on the  30th  day of July 2009.

\s\ Karl A. Basile
**KARL A. BASILE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO, DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | \* |
| | \* **CRIMINAL NO.** |
| -vs- | **SA-08-CR-00301-XR** |
| | \* |
| **STEVEN LYNN MOUTON** | \* |

### ORDER ON DEFENDANT'S CORRECTED/SIGNED PROPOSED QUESTIONS FOR THE COURT'S GENERAL VOIR DIRE OF THE JURY

On this the _____ day of _____, 2009, came to be considered Defendant's Corrected/Signed Proposed Questions for the Court's General Voir Dire of the Jury and the Court after reviewing said Motion and hearing any arguments of the Attorneys for the Government and the Defendant, hereby Orders that:

_____ All said Questions should be included in the Courts General Voir Dire of the Jury, or

_____ All but the following numbered questions shall be included in the Courts General Voir Dire of the Jury, or

_____ Only the following numbered questions shall be included in the Courts General Voir Dire of the Jury.

**SIGNED THIS THE** _____ day of_____, 2009.

_____
**UNITED STATES DISTRICT JUDGE**