# In the United States District Court for the Western District of Texas

| United States of America | § | |
| --- | --- | --- |
| | § | |
| v. | § | SA-08-CR-301 |
| | § | |
| Steven Lynn Mouton | § | |

**ORDER**

On this day came to be considered Defendant's Motion for Judgment of Acquittal (doc. no. 70).

The Defendant was found guilty by a jury of violating 18 U.S.C. § 2251(a) (production of child pornography). He argues in his motion for judgment of acquittal that the Court erred in not submitting to the jury an instruction that states an element of section 2251(a) that the "visual depiction has actually been transported or transmitted or that the Defendant knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting foreign commerce or mailed." The Defendant argues that the failure of the Court to give this instruction renders section 2251(a) an unconstitutional exercise of the interstate commerce clause. He further argues that the jury instructions as given did not require the Government to prove that the Defendant either actually transferred the image in interstate commerce or knew or should have known that said image

would be transferred in interstate commerce.

Defendant's counsel acknowledged that other circuits disagree with the above position. In fact, so does the Fifth Circuit.

In this case, the Government presented evidence that the Defendant used a camera to take the photo, and used a flash card to store the photo. Both the camera and flash card were manufactured overseas and traveled in interstate commerce. Pursuant to *U.S. v. McBarron*, 80 Fed. Appx. 341 (5th Cir. 2003) (denying a claim of unconstitutionality because section 2251(a) permits a conviction when the only connection with interstate commerce is the fact that the materials used to produce the offending images traveled in interstate commerce at some point in time), and *U.S. v. Blackwell*, 75 Fed. Appx. 294 (5th Cir. 2003), this is sufficient to satisfy section 2251(a). *See also U.S. v. Kallestad*, 236 F.3d 225 (5th Cir. 2000) (holding that section 2252(a)(4)(B) is facially valid and that its application to Kallestad falls within Congress's power under the Commerce Clause).

With regard to count two (possession of child pornography), Defendant argues that the Court erred in not submitting to the jury an instruction on an affirmative defense.

Defendant argues that pursuant to 18 U.S.C. § 2252(c), the Court should have tendered the following for the jury's consideration:

> It shall be an affirmative defense to a charge of violating paragraph (4) of subsection (a) that the defendant--
> (1) possessed less than three matters containing any visual depiction proscribed by that paragraph; and
> (2) promptly and in good faith, and without retaining or allowing

2

any person, other than a law enforcement agency, to access any visual depiction or copy thereof--
(A) took reasonable steps to destroy each such visual depiction; or
(B) reported the matter to a law enforcement agency and afforded that agency access to each such visual depiction.

Defendant argues that "the evidence presented at the trial showed all but one image had been deleted before the visual depictions were seized and that the evidence presented was insufficient to show that the undeleted image was of a minor. Since the Defendant Mouton had only three matters of visual depictions (the desktop computer, laptop computer and media card) he qualified to have the affirmative defense submitted to the jury."

The Defendant was charged in Count Two of the Indictment with knowingly possessing "a computer which contained visual depictions that have been produced using materials which have been mailed, shipped and transported in interstate and foreign commerce and where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct" in violation of 18 U.S.C. § 2252(a)(4)(B).

18 U.S.C. § 2252(a)(4)(B) states that any person who:

knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if--
(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
(ii) such visual depiction is of such conduct;
shall be punished as provided in subsection (b) of this section.

3

In this case the evidence that was presented to the jury demonstrated that hundreds of photos of child pornography were downloaded to a computer located in the Defendant's home. Defendant misinterprets the applicability of the affirmative defense. Although the image files had been deleted from the Defendant's computer, a computer forensics expert was able to recover many of the files. The evidence admitted in this case clearly established that these images were visual depictions involving the use of a minor engaging in sexually explicit conduct. The three "matters" contemplated by the affirmative defense do not refer to the desktop computer, laptop computer and media card. "Matters" referenced in 18 U.S.C. § 2252(c) refer to "books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction." The "other matters" in this case were the numerous image files downloaded to the computer. *See U.S. v. Kallestad*, 236 F.3d 225, 226 n. 1 (5th Cir. 2000) ("the government was required to prove that he had three or more or sexually explicit depictions of a minor."); *U.S. v. White*, 506 F.3d 635, 642 (8th Cir. 2007) ("White is not entitled to the affirmative defense for several reasons. First, he possessed more than three images of child pornography.").

This Court does acknowledge that the phrase "matter" has been the subject of some confusion. Other cases interpreting the word "matter" have been in the context of whether the Government can charge a defendant with multiple counts when he possesses multiple images. In this type of analysis, these courts have concluded that "simultaneous possession of multiple matters containing images of child pornography constitutes a single violation of 18 U.S.C. §

4

2252(a)(4)(B)." *See, e.g., U.S. v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009). That is not an issue here. The Defendant was charged with only one count of possession of child pornography.

Defendant's Motion for Judgment of Acquittal (doc. no. 70) is DENIED.

It is so ORDERED.

SIGNED this 20th day of October, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE