UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | §  |
| Plaintiff, | § |
| v. | § CRIM. NO. SA-08-CR-00301 XR |
| STEVEN LYNN MOUTON, | § |
| Defendant. | § |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through the United States Attorney for the Western District of Texas (hereinafter referred to as "the Government"), hereby submits its response to the Defendant's Objections and Additions to the Pre Sentence Report.

<u>Enhancement for Sadistic Conduct</u>

Defendant objects to the addition of a four level increase due to the material produced in this case portraying sadistic or masochistic conduct or other depictions of violence pursuant to the provisions of section 2G2.1(b)(4) of the advisory Sentencing Guidelines. Defendant claims that the government did not produce any images show bondage or any other situation that would fulfill the descriptions of sadism or masochism. To the contrary, during the jury trial in this matter, the government displayed an image that depicted the defendant inserting his penis in the vagina of the child victim. According to the Fifth Circuit Court of Appeals, as set forth in their ruling in <u>United States v. Lyckman</u>, 235 F.3d 234 (5th Cir. 2000), when a pornographic image depicts an adult male engaging in sexual intercourse with a young girl, the conduct portrayed in sufficiently painful,

coercive, abusive and degrading to qualify as sadistic or violent within the meaning of 2G2.2(b)(3).

Furthermore, during the trial in this matter, the government displayed an image, produced by the defendant, in which he inserted a cigar hold into the vagina of the minor victim. <u>United States v. Lyckman</u>, at 238, as referenced above, as well as <u>United States v. Canada</u>, 110 F.3d 260, 264 (5th Cir. 1997), support an enhancement under 2G2.2(b)(3) of the Sentencing Guidelines for material depicting anal or vaginal penetration of children through the use of sexual devices or other objects. It should be noted that these images, as well as all the other images related to this case, were made available to the defendant and his attorney prior to trial, to be viewed at their convenience.

<u>Acceptance of Responsibility</u>

The defendant claims that he should receive a three level decrease for acceptance of responsibility. However, the defendant has still not accepted responsibility in this matter. He was offered an opportunity to plead guilty in this case and receive acceptance of responsibility as well as provide some closure for the child victim in this case. However, he chose to exercise his right to a jury trial. The government was not able to call the child victim in this matter as she is still having a very difficult time dealing with the damage that the defendant has done to her. By pleading guilty and admitting his conduct, thereby assuring the victim that none of this was her fault, and that it occurred because of the defendant's sickness not because of anything related to the victim, the defendant would have qualified for acceptance of responsibility. Instead, he not only made the Government spend time and money proving the case at trial, but more importantly, he sent a very negative message to the child victim in this case. Again, he had the chance to do the right thing for this child and instead, despite overwhelming evidence, he chose to satisfy himself and disregarded any concern for the victim.

Conclusion

The Court is limited in this to the statutory maximum sentence of thirty years imprisonment. It is the Government's position that such a sentence is the only correct sentence in this case. However, knowing that this defendant sexually abused a child from the time she was five until she was eighteen; that he sexually abused a second child when she was approximately seven years old; and that he had been sexually abusing and exploiting yet a third child both during this time and afterwards confirms that his criminal history is severely understated. In fact, his protracted history of sexually abusing and exploiting young girls suggests that there is not a sentence long enough to protect the children with whom he comes in contact. However, due to the fact that the defendant was granted a deferred prosecution after sexually abusing a minor child, this Court is limited to the statutory maximum sentence of 30 years imprisonment. The government respectfully requests that such sentence be imposed in this case.

                                                  Respectfully submitted,

                                                  JOHN E. MURPHY
                                                  United States Attorney

By: _____/s/_____
           TRACY BRAUN
           Assistant United States Attorney
           Minnesota SBN: 24143X
           601 NW Loop 410, Suite 600
           San Antonio, Texas 78216
           (210) 384-7126
           Fax: (210) 384-7135

CERTIFICATE OF SERVICE

I, Tracy Braun hereby certify that on the **1ST day of March, 2010**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Karl A. Basile
Attorney at Law
8207 Callaghan Road Ste 100
San Antonio, TX 78230

/s/
TRACY BRAUN
Assistant United States Attorney