```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TEXAS
                     SAN ANTONIO DIVISION
```

**UNITED STATES OF AMERICA**   *
     **Plaintiff**

**V.**   *   **Criminal
SA-08-CR-00301-XR**

**STEVEN LYNN MOUTON**
     **Defendant**   *

## DEFENDANT'S REQUESTS FOR SENTENCING AND SENTENCING MEMORANDA

Now comes the **DEFENDANT, STEVEN LYNN MOUTON,** by and through his Court appointed attorney, Karl A. Basile, and files this his Requests for Sentencing and Sentencing Memoranda and respectfully requests that this Honorable Court consider his requests and as grounds therefore offers the following:

I.

On April 9, 2008 the Defendant was arrested and charged with Production of Child Pornography 18 U.S.C. Sect. 2251(a) and Possession of Child Pornography 18 U.S.C. Sect 2252(a)(4)(B) and has been in custody since the date of his arrest.

On October 6, 2009, the Defendant was found guilty on the counts by a jury.

II.

Defendant has filed an objection to the Presentence Report/Guideline Worksheet in that said did not give the Defendant the Acceptance of Responsibility Points which in this case would be

three(3) points off the total points and to the addition of four(4) points being added for Specific Offense Characteristic for sadistic or masochistic conduct. Defendant would state that under the guidelines the proper offense level for count I is 37 not 44 as listed in the Presentence Report and the guideline range is 235-293 months not the 360 months as listed in the Presentence Report.

### III.

In regards to the Acceptance or Responsibility points number 34 page 11 of the Presentence Report, while it is true that this matter did require a Jury trial, Defendant would object to not having the 3 points for acceptance of responsibility deducted. Without waiving any factual or legal argument made at the jury trial or Motion(s) filed, the Defendant as is listed in the facts cited in this PSI did during his initial detention by the government admit to the taking of the photographs of his daughter and the prior viewing of some images. The Defendant during the plea negotiations had agreed to plea guilty to count Two of the indictment(Possession of Child Pornography), but not to count One(Production of Child Pornography) which was not accepted by the Government, because there was a disagreement with the U.S. Attorneys as to the legal requirement of the statute to show that the interstate commerce nexus was fulfilled in the use of an item that was transported in interstate commerce. Defendant would refer the Court to his argument for a Judgment of Acquittal/Directed Verdict after the government's presentation of evidence at the jury, his argument in

regards to the jury charge presented to the Jury and his Motion for Judgment of Acquittal/Motion for New Trial filed after the Jury Trial as.  Defendant would state that there was a disagreement over a legal issue and the he should not be penalized for urging this legal issue and his rights for a jury trial as is his right under United States Constitution.  Defendant should not be penalized for invoking one of his Constitutional rights.  Defendant in invoking his right to trial by jury was not trying to cause any harm to the victim and in fact since the victim was not called as a witness at the trial, she did have to suffer the trauma of being asked questions in regards to the offense in a adversary environment.  In fact, the Defendant had instructed his attorney that he did not want to cause his daughter to suffer any further from this situation, so there was no legal proceedings or motions filed that would of required the testimony of the victim and any possible  harm or trauma associated with said.

### IV.

Defendant objects to the addition of the 4 points for the Specific Offense Characteristic of alleged sadistic or masochistic conduct under number 28 page 10.  Defendant would state that to his knowledge and his attorney's knowledge there is no images that would fit the accepted description of sadistic or masochistic conduct as these terms are described in the Black's Law Dictionary Fifth Edition:

**SADISM:**       A form of satisfaction commonly derived from inflicting harm on another.  It is a type of insanity or mental disease.  The opposite of masochism.

**MASOCHISM:**    A form of perversion in which sexual pleasure is heightened when one is beaten and maltreated at the hands of the other party: the opposite of sadism.  Sexual perversion, in which a member of one sex takes delight in being dominated, even to the extent of violence and cruelty, by on of the other sex.

Defendant would state that in none of the photographs produced by the Government in discovery to his attorney was there a photograph or image that shows any person in bondage or any other situation that would fulfill the descriptions listed above. Defendant denies that he was involved in the production of any image that inserted a cigar holder into the vagina of any child. Defendant does acknowledge the case law cited in the Government's Sentencing Memorandum, but would state that the main charge and sentencing in this matter is for the production of child pornography and that charge by it's nature would require to actual use of a child in producing the pornography and by adding the extra four points for sadistic or masochistic conduct would lead to the points

actually being counted twice as the production of the child pornography in this matter involved the act that the government states is sadistic or masochistic.  Further the guidelines computed by the Probation Officer already includes an additional four(4) points for the production matter, as it involved a prepubescent minor {USSG Sect. 2G2.1(b)(1)(A)} and two points added because the act involved a sexual act {USSG Sect. 2G2.1(b)(2)(A)}.  The additional four(4) points for sadistic or masochistic conduct for the same acts would lead to a double counting(points added for the same act.

V.

Defendant would in addition to his above requests, would state that pursuant to 18 U.S.C. 3553 as interpreted in USA v. Booker and USA v. Fanfan, the Guideline range calculated is overly harsh in this case(either 293 or 360 months).

Defendant would state that under 18 U.S.C. 3553; the factors to be considered in imposing a sentence are the following:

1) the nature and circumstances of the offense and the history and characteristics of the Defendant,

2) the need for the sentence imposed--

   A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   B) to afford adequate deterrence to criminal conduct;

>>C)    to protect the public from further crimes of the defendant; and
>>
>>D)    to provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner.

Defendant would refer this Court to the his background as cited in the PSI where it shows that the Defendant served his country in the Armed Forces where he was honorably discharged, he then received a Bachelors of Science in Biology from University of Texas of the Permian Basin and a Master of Science in Biology in 1997.  Since the receipt of these two degrees the Defendant was gainfully employed as a laboratory manager at Brooks City Base and before that as a Senior Research Assistant at the UT Health Science Center in San Antonio where he did research that the benefitted the general public.

Defendant would further show this court that the testimony at his trial shows that while he did download some images that included child pornography onto his computer, he would after awhile realize that the images were wrong and delete then from his computer hard drive, so that they were not readily available and in fact as far as the Defendant knew they were completely erased.  In fact as the evidence showed at the trial, all but a few images had been deleted from his computer and were thereby not accessible to a normal persons and only accessible by a person trained to do forensic

examinations of the hard drive or other memory device.

Defendant would state that due to his age (57) and the other facts listed above, that under the factors listed for 18 U.S.C. 3553 and considering that the statutory minimums for the offenses for which the Jury convicted him, the Defendant would request that the court make a departure from the guidelines and sentence him to a term of fifteen(15) years or if not for that term, then for a term not to exceed twenty (20)years, which with credit for time served would make the Defendant in his mid seventies at the end of his term of imprisonment and with the proper treatment and counseling he would not be a danger or threat to society.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully requests that this Honorable Court grant this Motion as requested.

Respectfully submitted,

\s\ Karl A. Basile
**KARL A. BASILE**
Greatview Building, Suite 100
8207 Callaghan Road
San Antonio Texas 78230
(210)525-8030 VOICE
(210)308-9854 FAX
Tx. St. Bar # 01869700
**ATTORNEY FOR THE DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a correct copy of the foregoing  Defendant's Requests for Sentencing and Sentencing Memoranda has been served by the Western District of Texas CM/ECF System to Ms. Tracy Braun Asst. U.S. Attorney, 601 N. W. Loop 410, Ste 600, San Antonio Texas, on this the 16th day of March, 2010.

\s\ Karl A. Basile

```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TEXAS
                       SAN ANTONIO DIVISION
```

**UNITED STATES OF AMERICA**          *
    **Plaintiff**

**V.**                                *   **Criminal**
                                                                  **SA-08-CR-00301-XR**

**STEVEN LYNN MOUTON**
    **Defendant**                     *


## ORDER ON DEFENDANT'S REQUESTS FOR SENTENCING AND SENTENCING MEMORANDA

On this the _____ day of a March 2010 came on to be heard the Defendant's Requests for Sentencing and Sentencing Memoranda and the Court after reviewing said Motion, the Sentencing Memoranda of the Government and hearing the argument of the Defendant's Attorney and the Assistant United States Attorney is of the opinion that rulings on said Motion are reflected in the Court's Judgment in this matter.


Signed this the _____ day of March 2010.


                                                _____
                                                Judge Presiding